UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Criminal No. 17-67 (MJD/FLN)

      Plaintiff,

v.

Timothy Wayne Guthman,  **REPORT AND RECOMMENDATION**

      Defendant.

---

David Michael Maria and John Kokkinen, Assistant United States Attorneys, for Plaintiff.
Joseph Friedberg and Robert Richman for Defendant Timothy Wayne Guthman.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 9, 2017, on Defendant Timothy Wayne Guthman's pretrial motions to suppress search and seizure evidence (ECF No. 24) and to dismiss the Indictment (ECF No. 27). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government entered the application, affidavit, attachments, search warrant, and return, for Inver Grove Chiropractic Center[1] ("Inver Chiropractic"), of which Guthman is alleged to be the chief executive officer, into evidence. *See* Exhibit and Witness List, ECF No. 57. For the reasons set forth below, the Court recommends that Guthman's motions be **DENIED**.

**A.  The Indictment**

On March 22, 2017, a United States Grand Jury returned an indictment, charging Guthman with making illegal payments to alleged "runners" in a scheme to defraud automobile insurance companies by submitting claims and receiving reimbursements through his chiropractic clinics for

---

[1] The Indictment refers to this facility as Inver Family Chiropractic, P.A. *See* Indictment ¶¶ 2, 4, ECF No. 1.

chiropractic services that either were not medically necessary or were not rendered. Indictment, ECF No. 1. Guthman is charged with one count of conspiracy to commit health care fraud and one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. *Id.* ¶¶ 18–21; *see also* 18 U.S.C. §§ 1341, 1347. The Indictment alleges that Guthman, who is a chiropractor and the chief executive officer of Inver Family Chiropractic, P.A., ("Inver Chiropractic") and Team Chiropractic, P.A., paid alleged "runners," to recruit automobile accident victims to show up for chiropractic appointments and continue receiving unnecessary chiropractic services. *Id.* ¶¶ 2–17. Trial is scheduled to begin on December 18, 2017, before the Honorable Judge Michael J. Davis. Order, ECF Nos. 37, 55.

**B.      Motion to Suppress Search and Seizure Evidence (ECF No. 24)**

On December 14, 2015, the Honorable Magistrate Judge Becky Thorson signed a search warrant authorizing the search of Inver Chiropractic in Inver Grove Heights, Minnesota. Gov't Ex. 1, ECF No. 57. Guthman now moves to suppress any evidence obtained during the search pursuant to this warrant, contending that because the affidavit in support of the warrant relies on Minnesota Statute section 609.12[2] ("the Runner Statute") and because the affiant failed to include reference to the August 19, 2014, *Illinois Farmers Insurance Co. v. Mobile Diagnostic Imaging* Order, *see* No. 13-cv-2820 PJS/TNL, 2014 WL 4104789, at *1 (D. Minn. Aug. 19, 2014), Magistrate Thorson did not know to disregard the allegations related to the Runner Statute in the affidavit. *See* Defs.' Mot.

---

[2]

> "Whoever employs, uses, or acts as a runner, capper, or steerer is guilty of a felony and may be sentenced to imprisonment for not more than three years or to a payment of a fine of not more than $6,000, or both. Charges for any services rendered by a health care provider, who violated this section in regard to the person for whom such services were rendered, are noncompensable and unenforceable as a matter of law."

Minn. Stat. § 609.612, subdiv. 2.

to Suppress, ECF No. 24. If she had, Guthman contends, Judge Thorson would have determined that the affidavit does not support a finding of probable cause. *See id.* Guthman also asserts that the warrant "cannot be saved by *United States v. Leon*, 468 U.S. 897, 915, 924 (1984)[,] because no agent could have believed that his declaration on the reach of the mail fraud law could supply probable cause to support the issuance of a search warrant." *Id.* The Government argues that *Illinois Farmers*, "does not foreclose a federal prosecution for mail, wire, or health care fraud based on evidence that chiropractors made kickback payments to runners and then omitted, failed to disclose, or concealed that practice." Gov't Opp'n Mem. 27, ECF No. 35. Additionally, the Government contends that the search warrant does not rely on violations of the Runner Statute as the basis for the fraud charges. *Id.*

After reviewing the Order, the Court first observes that *Illinois Farmers* does not foreclose a federal prosecution under the facts alleged in the Indictment, nor does it prohibit a probable cause finding that evidence of a crime may be found based on the affidavits at issue in this case. *See* 2014 WL 4104789. Here, FBI Special Agent Jennifer Khan authored an affidavit in support of the search warrant to search Inver Chirorapctic. ECF No. 57, Gov't Ex. 1. The affidavit includes approximately four pages outlining the ongoing joint investigation of the FBI and the Minnesota Department of Commerce Fraud Bureau into the suspected scheme and fraud. *Id.* Based on evidence collected from a confidential informant and an FBI confidential employee posing as a patient, Khan attested that she believed evidence of a fraud could be found in the Inver Chiropractic office. *Id.*

Assuming without deciding that the search warrant lacks probable cause, the Court concludes that the evidence is nonetheless admissible under the good-faith exception to the exclusionary rule as articulated in *Leon*. *See* 468 U.S. at 922; *see also United States v. Clay*, 646 F.3d 1124 (8th Cir.

2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be invalid." (citing *Leon*, 468 U.S. at 900)).

The Eighth Circuit has outlined four situations where an officer's reliance on a warrant would be unreasonable: (1) the officer included information in the affidavit that he knew was false or would have known was false except for his reckless disregard of the truth; (2) the affidavit is so lacking in probable cause that it is objectively unreasonable for the officer to rely on it; (3) the judge failed to act in a neutral and detached manner; or (4) the warrant is so facially deficient that the officer cannot reasonably presume the warrant to be valid. *See United States v. Phillips*, 88 F.3d 582, 586 (8th Cir. 1996) (citing *Leon*, 468 U.S. at 922). None of these situations are applicable here. This is not a situation where the supporting affidavit is so devoid of factual support that it would be objectively unreasonable for a law enforcement officer to rely on it. *Cf. United States v. Herron*, 215 F.3d 812 (8th Cir. 2000) (concluding that the good-faith exception did not apply where the affidavit at issue contained no facts that the defendant was involved in marijuana activities or that such activities were occurring on the premises searched). The record does not support a finding that the officers' reliance on the warrant was unreasonable. *See Leon*, 468 U.S. at 922. Additionally, there is no evidence that Khan included false information in the warrant application, that Judge Thorson failed to act in a neutral manner, or that the warrant is so facially deficient it would be unreasonable for an officer to rely on it. Indeed, Guthman does not argue that there are factual deficiencies in the affidavit, but only contends that Khan failed to include what he believes to be applicable law. Therefore, the motion to suppress evidence obtained pursuant to the search warrant authorizing the

search of Inver Chiropractic, must be denied. *See id.*

C.      **Motion to Dismiss (ECF No. 27)**[3]

In the motion to dismiss, Guthman asserts that the Counts in the Indictment are both multiplicitous and duplicitous, and must be dismissed. Defs.' Mot. to Dismiss, ECF No. 27. Second, he argues that the Indictment fails to charge a federal offense. *Id.* The Government contends that the Counts charged are neither multiplicitous nor duplicitous, and that the Indictment properly charges federal fraud conspiracies. *See* ECF No. 35 at 9–18.

1.      **The Indictment is Not Duplicitous**

Duplicity is the joining in a single count, two or more distinct and separate offenses. *See United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994). A charge constitutes a separate offense if the Government is required to provide different factual proof. *See United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995).

Guthman argues that Counts 1 and 2 are each duplicitous in that they each charge three different violations of law in each count. ECF No. 27. The Court disagrees. Count 1 charges Guthman with conspiracy to commit health care fraud and Count 2 charges Guthman with conspiracy to commit mail fraud. *See* ECF No. 1. The Indictment merely "details the scheme to defraud." ECF No. 35 at 15. While reference to the Runner Statute and "how Guthman and his co-conspirators conspired to commit health care fraud and mail fraud," are included in the Indictment,

---

3

        Guthman's request to strike alleged surplusage from the Indictment as a form of alternative relief is addressed in the Court's Order. *See* ECF No. 27.

the Government will only be required to put forward factual proof at trial of conspiracy to commit health care and mail fraud. *Id.* Additional facts that apprise Guthman of the circumstances and the factual scenario that gave rise to the charges, do not amount to additional allegations or charges in the Indictment. The motion to dismiss for duplicity should be denied.

### 2. The Indictment is Not Multiplicitous

"Multiplicity is the charging of a single offense in several counts. . . . The obvious ill to be avoided is that a multiplicity of charges heaps repeated punishments on the defendant and makes it appear that he has engaged in a crime spree, rather than a single violation of the law." *United States v. Edwards*, 976 F. Supp. 810, 811 (E.D. Ark. 1997) (internal citations omitted). Guthman contends that Counts 1 and 2 charge a single conspiracy in two separate counts. ECF No. 27. The Government maintains that it will be "required to prove at trial that, in Count 1, Guthman and his co-conspirators 'reached an agreement to commit the crime of health care fraud' and that, in Count 2, Guthman and his co-conspirators 'reached an agreement to commit the crime of mail fraud.'" ECF No. 35 at 17–18 (quoting Eighth Circuit Manual of Model Criminal Jury Instructions, § 5.06A-1, "Conspiracy: Elements."). The Court agrees that Guthman has been charged with two Counts under the same statute, but because the Government will be required to provide different factual proof for each conspiracy at trial, the Counts charge two separate crimes. *See Graham*, 60 F.3d at 467. The motion to dismiss for multiplicity should be denied.

### 3. The Indictment Alleges Conspiracy to Commit Health Care and Mail Fraud

Guthman finally asserts that the Indictment does not adequately allege a federal crime. ECF No. 27. The Court concludes, as the Government argues, "the [I]ndictment in this case describes Guthman's scheme to defraud in detail and clearly sets forth the elements of a conspiracy to commit health care fraud and a conspiracy to commit mail fraud, tracking the statutory language in each

6

count." ECF No. 35 at 14.

"The true test of the sufficiency of an indictment is . . . whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *United States v. Debrow*, 346 U.S. 374, 376 (1953) (internal citations omitted). The Court concludes that the Indictment adequately alleges that Guthman and his co-conspirators conspired to obtain money wrongfully from a healthcare program, in that Guthman is accused of knowingly and willfully paying others to bring in patients for healthcare treatment billed to automobile insurance providers, while concealing that fact from those providers. *See* ECF No. 1. The Court again observes that *Illinois Farmers* does not foreclose a federal prosecution under the facts alleged in the Indictment, *see* 2014 WL 4104789, and concludes that any information related to the Runner Statute, is relevant to Guthman's intent and the counts charged, and not so inflammatory as to be prejudicial. *See* Fed. R. Crim. P. 7(c). Any prejudice suffered by the allegations in the Indictment are outweighed by their relevancy to the charges. *See Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962).

The Indictment accuses Guthman of submitting claims for unnecessary medical services and concealing the fact that these claims were the result of kick-back payments, from the automobile insurance companies. *See id.* ¶ 14–17. Guthman is provided with enough information to mount a defense to the crimes charged. *See* Fed. R. Crim. P. 7(c)(1). The motion to dismiss should be denied.

**D.     Recommendation**

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Guthman's motion to suppress search and seizure evidence (ECF No. 24) be **DENIED**.

2. Guthman's motion to dismiss the Indictment (ECF No. 27) be **DENIED**.

September 8, 2017                                         *s/Franklin L. Noel*
                                                          FRANKLIN L. NOEL

                                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 22, 2017**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 22, 2017**, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.